UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KEVIN FENNICK,

       **Plaintiff,**

                              Civil Action 2:11-cv-01107
v.                             Judge James L. Graham
                              Magistrate Judge E.A. Preston Deavers

DAMON SAMS, *et al.*,

       **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Court for an initial screen of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e).  For the reasons that follow, it is **RECOMMENDED** that the Court dismiss Plaintiff's action for failure to state a claim.

**I.**

Plaintiff submits that in 1993 he created "DFS Entertainment."  Except for its name, Plaintiff provides no information regarding his own company.  Plaintiff maintains that after discovering that no other company or organization was using the name, he registered DFS Entertainment with the City of Boston.  Plaintiff's Complaint and attached documents indicate that he later discovered that Defendant Damon Sams was operating a business in Ohio under the name DFS Entertainment and using the domain name www.dfsentertainment.com.  Attachments to the Complaint indicate that the DFS Entertainment, which Defendant allegedly operates, is a promotional company featuring disc-jockey services.  On December 23, 2011, Plaintiff filed a Motion to Amend.  (ECF No. 4.)  In moving to amend, Plaintiff apparently seeks to add a claim against "DFS Productions," a company located in New Jersey that appears to be involved in media distribution.

Plaintiff purports to bring claims against Defendants for trademark infringement. Although Plaintiff does not identify the source of law that forms the basis for his trademark infringement claims, in his Motion to Amend he contends that Defendant Damon Sams is violating both state and federal law.

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>     \*    \*    \*
>
> (B) the action or appeal--
>
>     (i) is frivolous or malicious;
>
>     (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the

---

[1] Formerly 28 U.S.C. § 1915(d).

2

basic federal pleading requirements set forth in Fed. R. Civ. P. 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. § 1915(e)(2)(B)(ii)). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 566 U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (holding, pursuant to *Iqbal* and *Twombly*, that a plaintiff must allege sufficiently specific facts to state a facially plausible claim even if such facts are in the hands of the defendants).

In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). Additionally, the Court must construe *pro se* complaints liberally. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 129 S.Ct. at 1949.

**III.**

**A.     Trade Name Infringement**

Plaintiff, presumably a Massachusetts resident, brings this action for violations of state and federal trademark infringement law. To the extent Plaintiff brings claims of trademark or trade name infringement under either federal or Ohio law,[2] Plaintiff must establish that Defendants' actions have created a likelihood of confusion. *See Stilson & Assocs., Inc. v. Stilson Consulting Grp., LLC*, 129 F. App'x 993, 994 (6th Cir. 2005) ("The standard applicable to Lanham Act claims governs Plaintiffs' unfair competition, common law trade name infringement, and claims under the Ohio Deceptive Trade Practices Act—thus, success depends on whether Plaintiffs demonstrate a likelihood of confusion."); *Procter & Gamble Co. v. Georgia-Pacific Consumer Prods. LP*, No. 1:09–cv–318, 2009 WL 2407764, at *3 (S.D. Ohio Aug. 3, 2009) ("Analysis under [the Lanham Act] will also address Plaintiff's claims of unfair competition under Ohio's common law and Ohio Rev. Code § 4165.02(A)(2) and (3), the Ohio Deceptive Trade Practices Act statute, because courts apply the same basic test.").

The United States Court of Appeals for the Sixth Circuit has provided as follows:

> When determining the likelihood of confusion, the Sixth Circuit applies the eight factors articulated in *Frisch's Restaurants, Inc. v. Elby's Big Boy of Steubenville, Inc.*: (1) the strength of the plaintiff's mark; (2) the relatedness of the goods; (3) the similarity of the marks; (4) the evidence of actual confusion; (5) the marketing channels used; (6) the likely degree of purchaser care; (7) the defendant's intent in

---

[2] Although Plaintiff labels his claim as a trademark infringement claim, his factual pleadings suggest that he is actually alleging trade name infringement. Nevertheless, analysis of the two claims generally involves the same standards. *See AutoZone, Inc. v. Tandy Corp.*, 373 F.3d 786, 791 (6th Cir. 2004) (determining that both trademark and tradename infringement claims required the Court to "employ a 'likelihood of confusion' analysis"); *Rearden LLC v. Rearden Commerce, Inc.*, 597 F. Supp. 2d 1006, 1016 (N.D. Cal. 2009) ("Despite the nuance in terminology, the law governing trademarks and trade names is practically indistinguishable in its application.").

selecting the mark; (8) the likelihood of expansion of the product lines. 670 F.2d 642, 648 (6th Cir. 1982). In *Homeowners Group, Inc. v. Home Mktg. Specialists, Inc.*, this court further clarified:

> These factors imply no mathematical precision, but are simply a guide to help determine whether confusion is likely. They are also interrelated in effect. Each case presents its own complex set of circumstances and not all of these factors may be particularly helpful in any given case. But a thorough and analytical treatment must nevertheless be attempted. The ultimate question remains whether relevant consumers are likely to believe that the products or services offered by the parties are affiliated in some way.

931 F.2d 1100, 1107 (6th Cir. 1991).

*Stilson*, 129 F. App'x at 997.

To the extent Plaintiff grounds his claims in Massachusetts state law, Massachusetts courts apply a similar approach to trade name infringement. As one court has noted, "Massachusetts common law has long protected the value of a trade or business name imbued with a secondary meaning." *Castricone v. Mical*, 74 Mass. App. Ct. 591, 594 (Mass. App. Ct. 2009) (internal quotations omitted). In considering whether a trade name has developed a secondary meaning, the Massachusetts courts consider factors similar to those listed above, including, "the length of use of the name, similarity of names, similarity of products, classes of prospective purchasers, strength of mark [or name], and evidence of actual confusion." *Id.* (internal quotations omitted). Finally, in terms of relevant statutory law, "[t]he essential element of [an unfair or deceptive practices] action under the Massachusetts Consumer Protection Act, [G.L. c. 93A], §§ 2, 11, is that defendant's use of a mark caused confusion among customers as to the source of the plaintiff's product." *Flight Line, Inc. v. Andover Livery Cab Co., Inc.*, 55 Mass. App. Ct. 1111, 2002 WL 1763551, at *1.

Under the circumstances of this case, regardless of which law is applied, Plaintiff has

failed to state a facially plausible claim for trade name infringement. Plaintiff alleges that a company operating in Ohio is using the same trade name as his own entity located in Boston. He also alleges that a company in New Jersey is using a similar name. Nevertheless, even considering the allegations within Plaintiff's Motion to Amend, Plaintiff has failed to allege sufficient facts for the Court to reasonably infer a likelihood of confusion.[3] Plaintiff fails to provide any details regarding his own business that suggest to the Court that the similarity in company names is likely to confuse consumers. Rather, the facts Plaintiff alleges indicate that the three companies in question are located in different geographical areas, reducing any risk of possible confusion. *Cf. Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 233 (4th Cir. 2002) ("'Even where there is precise identity of a mark . . . [used by two persons], there may be no consumer confusion—and thus no trademark infringement—if the alleged infringer is in a different geographic area or in a wholly different industry.'") (quoting *Brookfield Comms., Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036, 1054 (9th Cir.1999)). The Court recognizes that trade name infringement requires the weighing of a variety of factors. Nevertheless, given the lack of information within Plaintiff's pleadings, the undersigned cannot reasonably infer that Defendant is liable for trade name infringement.

**B.     Cybersquatting**

Construed liberally, Plaintiff's Complaint may be an attempt to bring an action for cybersquatting against Defendant Damon Sams pursuant to the Anti-Cybersquatting Consumer Protection Act ("ACPA"). Specifically, Plaintiff's claims are based in part on Defendant's use of the domain name www.dfsentertainment.com.

---

[3] Plaintiff has also failed to allege sufficient facts for the Court to reasonably infer secondary meaning pursuant to Massachusetts common law.

Congress passed the ACPA in 1999 as an amendment to the Lanham Act to prohibit cybersquatting. *DaimlerChrysler v. The Net Inc.*, 388 F.3d 201, 204 (6th Cir. 2004). "'[C]ybersquatting' occurs when a person other than the trademark holder registers the domain name of a well known trademark and then attempts to profit from this by either ransoming the domain name back to the trademark holder or by using the domain name to divert business from the trademark holder to the domain name holder." *Id.* To bring a claim under the ACPA, a plaintiff must establish:

> (1) it has a valid trademark entitled to protection; (2) its mark is distinctive or famous; (3) the defendant's domain name is identical or confusingly similar to, or in the case of famous marks, dilutive of, the owner's mark; and (4) the defendant used, registered, or trafficked in the domain name (5) with a bad faith intent to profit.

*Id.* In considering whether a defendant has registered a domain name in bad faith, the ACPA provides a list of nine non-exclusive factors. *Id.* at 206; 15 U.S.C. § 1125(d)(1)(B)(i).

Here, Plaintiff has failed to plead sufficient factual detail to support a claim for cybersquatting. Although such a cause of action appears to fail for a variety of reasons, one clear shortcoming is Plaintiff's failure to plead bad faith. Specifically, Plaintiff has not provided the Court with sufficient factual detail for the Court to infer that Defendant has acted in bad faith. Instead, from Plaintiff's pleadings and attached documents, it appears that Defendant is using the domain name in connection with a legitimate business for the purposes of selling services. *See* 15 U.S.C. § 1125(d)(1)(B)(i) (including among the nine bad-faith factors "the person's prior use, if any, of the domain name in connection with the bona fide offering of any goods or services").

## IV.

For the above reasons, it is **RECOMMENDED** that the Court **DISMISS** this action

pursuant to 28 U.S.C. § 1915(e) for failure to state a claim.

## V.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: January 5, 2012               /s/ *Elizabeth A. Preston Deavers*
                                    Elizabeth A. Preston Deavers
                                    United States Magistrate Judge